IN THE MATTER OF: DAISY PATRICK, 4110 DONEGAL DRIVE, GREENSBORO, NORTH CAROLINA 27406, CLAIMANT-APPELLANT v. CONE MILLS CORPORATION, WHITE OAK PLANT, 2420 FAIRVIEW DRIVE, GREENSBORO, NORTH CAROLINA 27405, EMPLOYER-APPELLEE, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH, NORTH CAROLINA 27611, DOCKET NO. 82(C)0627, APPELLEE

No. 8218SC1272

(Filed 1 November 1983)

Master and Servant § 111.1— unemployment compensation—findings of Employment Security Commission not supported by evidence

There was no competent evidence in the record to support a finding by the Employment Security Commission that claimant was "fighting" on the job in violation of one of the company rules, and the Commission erred in so finding. G.S. 96-4(m) and (p).

APPEAL by claimant from *Walker (Hal), Judge.* Judgment entered 16 August 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 October 1983.

In this action Daisy Patrick, claimant-appellant, seeks review of the decision of the Employment Security Commission that she is not entitled to unemployment benefits. The record discloses the following:

Ms. Patrick was discharged from her job as a weaver at the Cone Mills Corporation White Oak Plant on 18 September 1981. Her subsequent claim for unemployment benefits was denied by the claim adjudicator based on his finding that reason for Ms. Patrick's discharge was "fighting on company premises," which constitutes work-related misconduct. Claimant appealed the decision and a hearing was held by an appeals referee on 20 October 1981 pursuant to N.C. Gen. Stat. Sec. 96-15(c).

At the hearing two witnesses testified: Gary Siliski, Assistant Personnel Manager for Cone Mills, and Ms. Patrick. Mr. Siliski testified that he investigated the incident for which Ms. Patrick was discharged, and that he took statements from four witnesses as well as from Ms. Patrick and the other participant in the alleged fight, Wilma Slade. Mr. Siliski read into the record the statement of Ms. Slade, but refused to read the statement of one of the witnesses when Ms. Patrick asked him to do so. The appeals referee then ruled that the statement of Ms. Slade would

In re Patrick v. Cone Mills Corp.

be disregarded. Claimant's testimony at the hearing was that Ms. Slade attacked her with a knife and that she attempted to defend herself with her purse. She denied that she had been "fighting."

On 23 October 1981 the appeals referee ruled that Ms. Patrick was not entitled to unemployment benefits, basing his decision on his finding that claimant "was fighting on company property with another employee . . . contrary to company rules." The appeals referee held that this violation of company rules amounted to "misconduct connected with the work" under applicable law.

Ms. Patrick appealed the decision of the appeals referee to the Employment Security Commission. The Commission reviewed the record and adopted the decision of the appeals referee as its own. Claimant appealed the Commission's decision to the Superior Court. From a judgment affirming the decision of the Commission, claimant appealed.

*Central Carolina Legal Services, Inc., by Margaret DuB. Avery and Robert S. Payne, for claimant, appellant.*

*Thelma M. Hill, Staff Attorney, for appellee, Employment Security Commission of North Carolina.*

HEDRICK, Judge.

N.C. Gen. Stat. Sec. 96-4(m) in pertinent part provides:

When an exception is made to the facts as found by the Commission, the appeal shall be to the superior court in term time but the decision or determination of the Commission upon such review in the superior court shall be conclusive and binding as to all questions of fact supported by any competent evidence.

After the Commission made its findings and conclusions and entered its order denying unemployment compensation, claimant, Daisy Patrick, wrote a letter giving timely notice of appeal to the Superior Court. In this letter she satisfactorily took exceptions to the findings and conclusions made by the Commission. Such exceptions raise the question whether the findings and conclusions of the Commission are supported by competent evidence.

WINFAS, Inc. v. Human Development Agency

N.C. Gen. Stat. Sec. 96-4(p), in pertinent part, provides: "The Commission shall not be bound by common-law or statutory rules of evidence or by technical or formal rules of procedure but shall conduct hearings in such manner as to ascertain the substantial rights of the parties." It is apparent that the hearing in the present case was not conducted in such a way as to "ascertain the substantial rights of the parties." In particular, the rights of the employee were not protected. There is in this record no *competent evidence* to support the critical finding that Ms. Patrick was "fighting" on the job in violation of one of the company rules. The testimony of Mr. Siliski was not based on any personal knowledge, but instead consisted in large part of referring in general terms to the admittedly conflicting testimony of unidentified witnesses. The only competent evidence with respect to the critical issue of whether Ms. Patrick had been involved in a fight on company property came from the employee herself, who testified that she had not been "fighting."

For the reasons stated the judgment of the Superior Court must be reversed, and the cause remanded to that court for the entry of an order reversing the decision of the Commission and remanding the proceeding to the Commission for the entry of an appropriate order.

Reversed and remanded.

Judges ARNOLD and BECTON concur.